JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

    U.S. Attorney's Office/Civil Division
    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:    (415) 436-7322
    Facsimile:    (415) 436-6748
    E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant John E. Potter, Postmaster General

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAROLD BLACK, | No. C 08-1344 SI |
|     Plaintiff, | |
| v. | **DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| JOHN E. POTTER, Postmaster General, | |
|     Defendant. | |

    Defendant John E. Potter, Postmaster General, by and through his counsel, hereby submits the following Case Management Conference Statement pursuant to Civil Local Rule 16-9:

1.    <u>Jurisdiction and Service</u>:    This is an action arising under Title VII of the Civil Rights Act of 1964 for employment discrimination over which jurisdiction on this Court is conferred by 42 U.S.C. §2000e-5.  Defendant does not contest personal jurisdiction, venue, and service.

2.    <u>Facts</u>: Defendant understands Plaintiff to allege that he was terminated from his position at the Petaluma Post Office as the result of discrimination and retaliation.

    Defendant contends that Plaintiff was employed at the Casa Grande Station in Petaluma as a PTF (Part-Time Flexible) clerk in June 2005, but his Form 50 contained the requirement that

1  Plaintiff pass all training requirements of the job.  On July 22, 2005, Plaintiff was separated from
2  service during probation for failing to pass a required written examination.  Plaintiff filed Equal
3  Employment Opportunity claims in 2005, which claims were resolved against Plaintiff when an
4  Administrative Judge issued a decision against Plaintiff without a hearing.  Plaintiff appealed the
5  dismissal of his case.  On September 24, 2007, the Office of Federal Operations denied his
6  appeal.  On December 10, 2007, the Office of Federal Operations denied his motion for
7  reconsideration.  Plaintiff then timely filed his complaint in this Court.
8  3.    Legal Issues: Whether or not Plaintiff can meet his burden to prove that Defendant
9  discriminated and/or retaliated against Plaintiff.
10 4.    Motions: Defendant intends to move for summary judgment after conducting some
11 discovery.  At this time Defendant does not anticipate any other motions.
12 5.    Amendment of Pleadings: Defendant requests that the Court set a deadline for
13 amendment of pleadings of August 29, 2008.
14 6.    Evidence Preservation: Defendant has taken affirmative steps to preserve documents and
15 evidence related to this action.
16 7.    Disclosures: Defendant served initial disclosures on June 13, 2008.
17 8.    Discovery: Defendant does not believe that any changes to the discovery limits or
18 procedures are necessary or appropriate at this time.
19 9.    Class Actions:  Not applicable.
20 10.   Related Cases: None.
21 11.   Relief:
22        Plaintiff: Plaintiff apparently seeks such relief as the Court deems proper.
23        Defendant: Defendant seeks dismissal of this action and the assessment of costs.
24 12.   Settlement and ADR: Defendant timely filed its ADR certification, but has not been able
25 to have a meaningful meet and confer with Plaintiff about ADR options.
26 13.   Consent to Magistrate Judge for All Purposes:   Defendant does not consent to have this
27 matter heard by a magistrate judge for all purposes.
28

1  14.  Other References: Defendant does not request any reference.

2  15.  Narrowing of Issues: None at this time.

3  16.  Expedited Schedule: Defendant sees no need for an expedited schedule.

4  17.  Scheduling: Defendant requests that the Court enter an order with the following schedule:

5  Discovery Cut-Off: November 28, 2008

6  Expert Disclosures: December 31, 2008

7  Last Dispositive Motion Hearing Date: February 13, 2009 at 9:00 a.m.

8  Pre-Trial Conference: February 2009, on a date to be chosen by the Court

9  Trial: March 2009, on a date to be chosen by the Court

18. Trial: Plaintiff has requested a trial by jury.  Defendant estimates that a trial would take no more than 4 days.

19. Disclosure of Non-party Interested Entities or Persons: Civil L.R. 3-16 does not apply to the Defendant by the terms of that rule.

Dated: June 13, 2008

    Respectfully submitted,

    JOSEPH P. RUSSONIELLO
    United States Attorney

By:    /s/
    MICHAEL T. PYLE
    Assistant United States Attorney
    Attorney for Defendant

C 08-1344 SI
DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT